BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
DARCI WARD CRANE, IDAHO STATE BAR NO. 8852
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TEMP RAY PATTERSON, MD, <br><br> Defendant. | Case No. 4:19-cr-248-BLW <br><br> **INFORMATION** <br><br> 18 U.S.C. § 2 <br> 21 U.S.C. § 331(c) <br> 21 U.S.C. § 333(a) |

The United States Attorney charges:

At all times relevant to this Information:

1. The Food and Drug Administration ("FDA") was an agency of the United States Government charged with the responsibility of protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301-397, to ensure that, among other things, medical devices sold for use by or upon humans were safe and effective, and bore labeling containing accurate information and adequate directions for use. The

**INFORMATION** - 1

FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all devices, drugs, drug components, and biological products introduced into interstate commerce.

2. The FDCA defined "device" as, among other things, "an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is... intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease in man or other animals, or intended to affect the structure or any function of the body of man or other animals, and which does not achieve its primary intended purposes through chemical action within or on the body of man or other animals and which is not dependent upon being metabolized for the achievement of its primary intended purposes." 21 U.S.C. §§ 321(h)(2) and (3).

3. Breast implants were Class III medical devices under the FDCA.

4. As used in the FDCA, "label" meant "a display of written, printed or graphic matter upon the immediate container of any article," including devices. 21 U.S.C. § 321(k). "Labeling" was a broader term, and meant "all labels or other written, printed or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." 21 U.S.C. § 321(m).

5. The FDA enforced safety and efficacy standards by, among other things, guarding against misbranded devices. A device was deemed misbranded if, among other things, its labeling was materially false or misleading in any particular. 21 U.S.C. §352(a). A device was also misbranded unless its labeling bore adequate directions for use. 21 U.S.C. § 352(f)(1).

"Adequate directions for use" meant directions which would enable a layman to use a device safely and for the purposes for which it was intended. 21 C.F.R. § 801.5.

6. The FDCA prohibited the receipt in interstate commerce of any device that was misbranded, and the delivery or proffered delivery thereof for pay or otherwise. 21 U.S.C. § 331(c).

## COUNT ONE

### Receipt and Delivery of Misbranded Devices
### 21 U.S.C. §§ 331(c) and 333(a)(2); 18 U.S.C. § 2

From on or about March 2014 through April 2015, in the District of Idaho, the defendant, TEMP RAY PATTERSON, MD, with the intent to mislead his patients, having received in interstate commerce misbranded devices, to wit, breast implants, which were misbranded as defined in 21 U.S.C. § 352(f)(1), in that their labeling lacked adequate directions for use and they did not qualify for an exemption to this requirement, subsequently delivered and proffered the delivery of said devices for pay and otherwise, by surgically implanting and offering to surgically implant said breast implants in exchange for a payment of money and otherwise, all in violation of 21 U.S.C. §§ 331(c) and 333(a)(2), and 18 U.S.C. § 2.

Dated this 8th day of August, 2019.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

DARCI WARD CRANE
Assistant United States Attorney